SO ORDERED.

Dated: March 28, 2024

Madeleine C. Wanslee

Madeleine C. Wanslee, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br>**CAMERON TIM ROHNER**<br>**AMBER LEAH ROHNER**<br>Debtor. | Chapter 13<br>Case No.: 2-23-bk-07821-MCW<br>**STIPULATED ORDER CONFIRMING FIRST AMENDED CHAPTER 13 PLAN** |

The First Amended Chapter 13 Plan having been properly noticed out to creditors and all objections having been resolved,

**IT IS ORDERED** Confirming the First Amended Plan of Debtors as follows:

**(A)INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings/Income. Debtors shall make the following monthly Plan payments:

| Months | Payments |
|---|---|
| **1 - 3** | **$1,910.00** |
| **4 - 4** | **$1,921.00** |
| **5 - 60** | **$1,930.00** |

The payments are due on or before the 30th day of each month starting November 30, 2023. Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective

regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.

The Debtor shall provide, directly to the Trustee, within 30 days after their filing, copies of their **federal** and **state** income tax returns for every year during the duration of the Chapter 13 Plan.

(1) Other Property: Debtor shall turnover any nonexempt net tax refunds for each year during the life of the plan to be applied as supplemental plan payments. In the event that other property is submitted, it shall be treated as supplemental payments.

(A) **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Allowed claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. Claim allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative Expenses.

(a) Attorney Fees: Neeley Law Firm, PLC shall be allowed total fees in the amount of $5,500.00. Counsel received $1,187.00 prior to filing this case and will be paid $4,313.00 through the Chapter 13 Plan by the Chapter 13 Trustee. Counsel's flat fee includes all services as required in Local Rule 2084-3(b)(2).

(2) Claims Secured by Real Property.

(a) PennyMac Loan Services, LLC., secured by a deed of trust in the Debtors' residence located at 3652 E Robin Lane, Gilbert AZ 85296 shall be paid the prepetition arrearage of $1,136.34 with 0% interest through the Plan. Regular post-petition payments will be made directly by the Debtors to the secured creditor.

(3) Claims Secured by Personal Property.

(a) Toyota Financial Services secured by a 2023 Toyota Corolla, shall be paid $27,785.03 with 4.99% interest. The creditor shall receive $290.00 in adequate protection payments. The balance of the debt shall be classified as unsecured.

(b) Wells Fargo Bank N.A,, dba Wells Fargo Auto secured by a 2022 Tesla Model 3, shall be paid $54,986.29 with 3.74% interest. The creditor shall receive $484.85 in adequate protection payments. The balance of the debt shall be classified as unsecured.

(4) Unsecured Priority Claims:

(a) The Internal Revenue Service shall be paid an unsecured priority claim of $269.81 with 0.0% interest. The Trustee has authority to pay on the priority debt owed to the Internal Revenue Service even though the creditor has filed no proof of claim, but the Amended Plan and this Order are not to be considered an informal proof of claim for any creditor.

(b) The Arizona Department of Revenue shall be paid an unsecured priority claim of $4,278.00 with 0.0% interest. The balance of the remaining debt shall be classified as general unsecured debt.

(5) Executory Contracts and Leases: The Debtors assume the following contracts:

(a) Brinks Home Security for home alarm system.

(b) T-Mobile USA Inc for cell phone service.

(6) Surrendered Property: Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property: NONE.

(7) Other Provisions. NONE

(8) Unsecured Non-priority Claims. Claims allowance is determined by §502 and the Federal Rules of the Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328(a).

(C) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

**DATED AND SIGNED ABOVE**

---

Approved as to Form and Content By:

Edward J. Maney
*Chapter 13 Trustee*

Geoffrey Khotim
*Attorney for Debtor*

Bradley Stevens
Assistant Attorney General
Attorney for the State of Arizona
*Ex rel. Arizona Department of Revenue*

*In re: Rohner*
*Case No.: 23-07821*

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed, or, if owed, such payments are current since the filing of the Petition.

Cameron Tim Rohner
*Debtor*

Amber Leah Rohner
*Debtor*